FILED ___ LODGED
RECEIVED ___ COPY
MAY 09 2017
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR ARIZONA

SANDRA DAY O'CONNOR COURTHOUSE

PHOENIX, ARIZONA

| | |
|---|---|
| TRACI L. BROWN | ] |
| PLAINTIFF, pro se | ] CIVIL ACTION NO. |
| vs. | ] |
| BAYVIEW ASSET MANAGEMENT, and | ] CV-17-1077-PHX-SPL |
| BAYVIEW, llc | ] |

§     JURY TRIAL REQUESTED

**PLAINTIFF'S AMENDED PETITION FOR REDRESS OF WRONGFUL**

**FORECLOSURE ACTION**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Plaintiff, Traci L. Brown, who files this Amended Petition for Wrongful Foreclosure and Motion for Stay and Injunctive Relief, in the interest of Justice and Fairness, and asks this Honorable Court to find in favor of Plaintiff and against Defendants, LENDER Bayview Asset Management, and SERVICER, Bayview, llc, regarding Plaintiffs' claims of

Wrongful Foreclosure, as stated herein, and in support thereof show unto the Court the following:

1. That Bayview Asset Management, the purported lender, has no standing in this case to assert a collateral right to the property owned by the Plaintiff (Exhibit P-4), and

2. That Bayview, llc, the purported servicer, has no servicing rights in succession to Security Mortgage Company abandonment, and has no cause of action (Exhibit P-4), and

3. That Bayview llc has concealed and misapplied funds during pendency of Federal Bankruptcy case of 2.11-bk-27750-ewh (Exhibit P-3)

4. That this property has been abandoned by Security Mortgage company in August of 2011 and Owner may assert quitclaim of all parties and sole proprietor rights in Maricopa County, Arizona (Exhibit P-4).

**DISCOVERY CONTROL PLAN LEVEL**

5. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs intend to conduct discovery in this case under Level 3.

6. Records of further Defendants' actions and productions and including identification of other adverse parties are recorded in electronically stored information in the possession of the Defendants.

7. Plaintiffs have concern over spoliation of such records and hereby move for production of such electronically stored information for discovery and preservation.

**PARTIES AND SERVICE**

8. Plaintiff Traci L. Brown is an individual whose mailing address is 417 E. Wickieup Lane, Phoenix, AZ 85024 The last three digits of Tracy Brown's Arizona Driver's License are 881. Plaintiff has standing in this cause due to real and consequential damages sustained by Plaintiff in course of Defendants' fraudulent and predatory business activity (Exhibit P-2).

9. Defendant Bayview Asset Management does business since 2008 in Coral Gables, Florida, and Troy, Michigan, managing a portfolio of ~$2B, or 0.0062% of the US Housing Market. Bayview Asset Management may be served at Bayview Loan Servicing, 4425 Ponce De Leon Blvd., 5th Floor, Coral Gables, FL 33146.

10. Since 2008, Bayview llc was registered in Arizona and permitted to do business there under License #0910132. Today, Registered Agent may be served at WHEREAT. Financial 10-Q reports disclose Defendant currently owns or manages approximately $2B in assets of Bayview Asset Management. Defendant operates as a debt collector, with purpose of maximizing Return on Equity in disposing of distressed mortgaged properties obtained from others.

**JURISDICTION AND VENUE – DISTRICT COURT OF ARIZONA**

11. The subject matter in controversy is within the jurisdictional limits of this Court. Fraudulent acts, wrongful foreclosure (Exhibit P-10), were committed and continue in commission by a foreign corporation, and individual actors acting in many United States locations, with adverse results to the Plaintiff, who resides in Arizona. All Defendants have offices or registered agents convenient to this venue. Criminal acts were coordinated by more than four individuals, more

than three times, in violation of Title 18 U S Code Section 151, Paragraph 4 – Submission of False Claims and numerous violations of the Financial Institution Reform Recovery and Enforcement Act, and Federal Fair Debt and Collection Practices Act, and Real Estate Settlement and Procedures/Regulation X of 2015. The pattern of fraudulent activity in the course of mortgage service and attempted wrongful seizure of property conforms to a pattern of specific prohibited behavior leading to recent consent judgments filed in US District Court with Chase/JP Morgan, Ocwen, Citigroup (Citibank and Citimortgage), Bank of America, Wells Fargo, Ally/GMAC, UBS, RBS, Suntrust, and all 50 United States Attorney Generals, and current enforcement class action toward Ocwen and PHH Mortgage (Exhibit P-7). We are asking for enforcement of those agreements as a pattern setting agreement within the industry and the State of Arizona. Amount of damages and claims in dispute is expected to exceed $75,000.

12. In view of the consent judgments with Chase, Ocwen, Citigroup, and Bank of America, we are requesting a jury trial in this matter. This group of judgments represent the largest settlements achieved to date in this arena, with recoveries to date of more than $200Bn in penalties and restitution. The executive branch, through DOJ, has been acting as investigator, prosecutor, judge, jury and sentence without any review or approval of its unilateral and largely secret actions. Better Markets, Inc. is currently petitioning for open judicial review of the Chase judgment, in order to reveal the dimensions of the illegal conduct by a private entity that may or may not have caused or contributed to the financial crash and consequent economic wreckage that has affected virtually every American property owner of the last thirty years. Remarkably, this activity continues unabated, with no regulatory guidance for others in the industry such as Bayview other than fear of extortion, and satisfactory financial reserves, should they be caught up in the witch hunt. A jury must be selected, and be able to review openly the facts of the

investigation, the underlying illegal conduct and identity of the actors, the specific violations committed, the consequences of the actions, the benefits of the actions to the Defendants, the damages inflicted on the Plaintiffs, and whether any penalties assessed are fair, adequate, reasonable and in the public interest, and able to provide clear guidelines for future behavior. The imperative for real and responsible judicial review is all the more important because of the considerable financial size of the charges, and that the DOJ and the Attorney General have an apparent conflict of interest, if not a motive to accept a seemingly strong but actually weak and inadequate settlement that could not pass judicial scrutiny. We cannot have one standard of justice for Wall Street, and one for Main Street.

13. The jury will also be expected to exercise its judgment regarding the penalty phase, if applicable, regarding the acts of commission or omission of Bayview, and accounting for the Defendants degree of scienter, the extent of the injury to the public, whether the defendants' conduct created substantial losses to other persons, the egregiousness of the violations, the isolated or repeated nature of the violations, and the defendants' financial condition and ability to pay. A jury to date has never been afforded the opportunity to consider such question in these matters.

14. Federal courts have the inherent authority to decide cases that are extraordinarily complex and far-reaching in their impact on a large number of injured parties, an important industry, or the wider public interest. This is a case where the use of that inherent authority is essential.

15. In violation of the Americans with Disabilities Act, the defendant has been specifically targeted and victimized due to her disability. Bayview, and individual actors at Bayview, have continually pursued a pattern of deception and fraud in presenting information to the Plaintiff (Exhibit P-9).

16. The defendant is in continual violation of the Fair Debt Collection and Practices Act to all of their clients in failing to identify themselves as a debt collector and structuring it's business on trading of debt obligations and collection of fees (Exhibit P-9).

**STATEMENT OF FACTS**

17. Plaintiff is the record owner of the property is located at 417 East Wickieup, Phoenix, Arizona, in Maricopa County, more specifically described as Lot 82, Blue Hills, according to Book 46 of Maps, Page 23, records of Maricopa County, Arizona (Exhibit P-1).

18. The statement of Traci Brown pp. 10-14 of Document 1 entered with this court is repeated and included in this amended claim in it's entirety (Exhibit P-8). It is apparent to a reasonable man that the plaintiff has not received reliable information from the Defendant regarding their unsupported debt collection claims. We will obtain all missing detail in the course of the discovery process under Rule 26, and present the facts and issues to our jury.

19. The report of Title Tracs (Exhibit P-4) entered with this court is repeated and included with this amended claim in it's entirety. It is apparent that property has been abandoned by Security Mortgage Corporation, with the proprietor, Traci L. Brown, retaining the only valid claim by possession. Bayview's presentment of claim is unsupported and fraudulent on it's face (Exhibit P-10).

20. Bayview has never presented Proof of Claim to Plaintiff's bankruptcy trustee. The plaintiff has fairly discharged her bankruptcy plan, including fraudulent solicitations presented directly to Plaintiff by Bayview. Plaintiff demands rescission of all funds sent to Bayview during that five year period. Bayview is a 3rd party debt collector, illegally pretending to be the Lender.

Bayview failed to adhere to the Federal Fair Debt Collection Practice Act, as all 3rd party debt collectors are required to do. All actions of defendants through foreclosure period have been concerted willful and direct violations of Federal Fair Debt Collection Practice as most recently interpreted and codified in Consent Judgment of 19 December 2013 in District Court District of Columbia Consumer Financial Protection Board and All States Attorney General, including Arizona, vs OCWEN. (Exhibit P-7).

21. Plaintiff has presented two Qualified Written Requests, a Notice of Error to Bayview without response (Exhibit P-9).

22. All facts confirming details provided by Plaintiff are contained in Electronically Stored Information held by Defendants and maintained with their standard business practices. In the course of discovery, forensic copies will be attained and examined by a third party, and details will be stipulated by all parties.

23. After examination of forensic information thus attained, named actors for Defendants will be identified and deposed.

24. Plaintiff has maintained hazard insurance on her property continuously since purchase in 2005. All insurance charges by Defendant are fraudulent on their face (Exhibit P-11).

25. Plaintiff has filed her complaint vs. the Defendant with the CFPB (Exhibit P-6). In the course of discovery we will obtain the Defendants' response and file with the court. Bayview, at this writing, currently has 769,541 consumer complaints filed with the CFPB (https://data.consumerfinance.gov/dataset/Consumer-Complaints/s6ew-h6mp),
 due to similar activities as stated in this claim. In the apparent absence of enforcement, Plaintiff incorporates into this action each and every complaint.

26. There is widespread consensus among academic experts, policy makers, and regulators that the type of illegal conduct underlying the normal business activities of Bayview as a mortgage holder or processor was one of the central causes of the Financial Crisis and, therefore, damages are likely to be historically high. Ref. FINANCIAL CRISIS INQUIRY COMMISSION, THE FINANCIAL CRISIS INQUIRY REPORT:FINAL REPORT OF THE NATIONAL COMMISSION ON THE CAUSES OF THE FINANCIAL AND ECONOMIC CRISIS IN THE UNITED STATES, 165-69 (2011) available at http://www.hsgac.senate.gov//imo/media/doc/Financial_Crisis/FinancialCrisisReport.pdf (Exhibit P-12).

27. Plaintiffs has therefore been required to expend substantial resources of time and effort to defend a wrongful foreclosure, in regards to the original lenders unsecured Debt.

**COUNT I: WRONGFUL FORECLOSURE**

28. Plaintiffs restate the above facts and incorporate by reference the following allegations.

29. The Defendants foreclosure action was fraudulent and wrongful. The debt was regularly paid, and paid in full, throughout the bankruptcy period, though unrecognized by all Defendants. Therefore any notice, acceleration, default or any other notice by defendants has always been without merit and ineffective. All actions of defendants in preparation and pursual of wrongful foreclosure action have been concerted willful and direct violations of Federal Fair Debt Collection Practice as most recently interpreted and codified in Consent Judgment of 19 December 2013 in District Court District of Columbia Consumer Financial Protection Board and All States Attorney General, including Arizona, vs OCWEN et al. (Exhibit P-7).

30. All Defendants have purposefully, intentionally, and wrongfully violated the Federal Fair Debt Collection Practices Act and constructed and carried out a fraudulent collection action by way of the foreclosure and Substitute Trustee's attempted Non-Judicial Foreclosure Sale in violation of the Arizona Finance Code sections 392.301(8) and 392.304 and other various State Laws in Ch. 27 - Fraud  Plaintiffs believe either a conflict of interest or a conspiracy has taken place due to all alleged parties residing within the same address, and all using the same misinformation. Bayview appears to have been motivated by the opportunity to seize valuable property with minimal effort or expenditure, and  and has always and solely been motivated by opportunity in an ill regulated area of practice to generate and collect fees.

31. It would appear that the few Defendants living and working in Coral Gables could hardly be responsible for the avalanche of affidavits, notices, filings, cases and appeals which issue from that address every month. Plaintiff has worked in the past in heavily automated processes, and it is not unusual to see a robot or collection of robots working assiduously on a vacant spot in an assembly line, since the artifact that would appear to be the object of work has been removed prior to that robotic station. This case appears to embody that situation of a case of no substance moving through the assembly area, with the robots generating fees by their mindless attention to motion, but nothing of substance being manufactured. The Plaintiffs believe that theirs is not the only case moving through the Bayview automated system and method for electronic processing of default case files. Their system is patently ridiculous, of fraudulent nature and design, and plainly criminal in intent. Plaintiffs believe their claims, and the complaints of more than 769,000 others, will be validated during discovery, by examination of electronically stored information.

**ARGUMENTS AND AUTHORITIES**

32. Seizure of residential property, and correlated explosion of lender-owned real estate is a well known current issue of societal significance, in Arizona and in the United States. Non-judicial foreclosure and seizure, especially, has grown well past the random statistical expectation in a normal business environment, and outcomes to this date heavily favor the seizure actions over the defense actions. At the same time, other large financial institutions of note have either failed to manage their risk and oversight responsibilities effectively and failed outright (WAMU, Countrywide, Ameriquest, PHH Corporation), been victimized by internal control fraud among their principals and have been dissolved (Bear Stearns, Lehman Brothers), or have paid ever increasing penalties and restitutions, amounting to hundreds of billions (Bank of America, Wells Fargo, Citigroup, J P Morgan Chase, Ocwen, RBS, UBS, Ally). Large financials allowed to continue despite the fraudulent activity of their past have in consideration of forbearance of criminal prosecution universally pledged restitution to their damaged parties and to conduct their future business affairs fairly and transparently, and for the benefit of the community. The community has deemed these institutions "too big to fail," and the Department Of Justice has by their inaction deemed these institutions "too big to jail." Nevertheless, the jails are now beginning to fill with low-level non-violent offenders who only steal millions or hundreds of millions, from thousands or hundreds of thousands of people, but would never point a gun at a cash register clerk at 2:00am and steal $238 dollars and change. Damage to the security of the economic system, and damage to the citizens who depend on a well-regulated society in all aspects of their life, has been and is proportional.

33. Fraud in Arizona Legal Code –

**Universal Citation:** AZ Rev Stat § 13-2320 (1996 through 1st Reg Sess 50th Legis)

13-2320. <u>Residential mortgage fraud; classification; definitions</u>

A. A person commits residential mortgage fraud if, with the intent to defraud, the person does any of the following:

1. Knowingly makes any deliberate misstatement, misrepresentation or material omission during the mortgage lending process that is relied on by a mortgage lender, borrower or other party to the mortgage lending process.

2. Knowingly uses or facilitates the use of any deliberate misstatement, misrepresentation or material omission during the mortgage lending process that is relied on by a mortgage lender, borrower or other party to the mortgage lending process.

3. Receives any proceeds or other monies in connection with a residential mortgage loan that the person knows resulted from a violation of paragraph 1 or 2 of this subsection.

4. Files or causes to be filed with the office of the county recorder of any county of this state any residential mortgage loan document that the person knows to contain a deliberate misstatement, misrepresentation or material omission.

B. An offense involving residential mortgage fraud shall not be based solely on information that is lawfully disclosed under federal disclosure laws, regulations and interpretations related to the mortgage lending process.

C. This section does not apply to a person who is not aware that the information that is relied on by the mortgage lender, borrower or other party to the mortgage lending process is a deliberate misstatement, misrepresentation or material omission.

D. A person who violates this section is guilty of a class 4 felony, except that a person who engages or participates in a pattern of residential mortgage fraud or who conspires to engage or participate in a pattern of residential mortgage fraud is guilty of a class 2 felony.

E. For the purposes of this section:

1. "Mortgage lending process" means the process through which a person seeks or obtains a residential mortgage loan including solicitation, application, origination, negotiation of terms, third-party provider services, underwriting, signing, closing and funding of the loan.

2. "Pattern of residential mortgage fraud" means one or more violations of subsection A that involve two or more residential properties and that have the same or similar intents, results, accomplices, victims or methods of commission or are otherwise interrelated by distinguishing characteristics.

3. "Residential mortgage loan" means a loan or agreement to extend credit to a person that is secured by a deed to secure debt, security deed, mortgage, security interest, deed of trust or other document representing a security interest or lien on any interest in one to four family residential property and includes the renewal or refinancing of any loan.

34. Plaintiff will address each of these elements individually in trial before jury and supply evidence in support of each aspect.

35. An analogous automated system is in use in a typical chicken processing plant, wherein chickens of various shapes and sizes, in various circumstance, are guided in at the entrance, and frozen chicken nuggets emerge from the other end of the plant, inspected by the FDA, uniformly shaped and packaged, stamped with a bar code ready for shipment and sale, nutritious and delicious. This is the business of a mortgage mill today.

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

36. Plaintiffs request this Honorable Court to restrain Defendants, or any of them, Defendants' officers, agents, servants, employees, and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the subject property, reporting the subject property for any other sale, or otherwise disturbing or attempting to disturb Plaintiffs'

peaceable possession and enjoyment of the subject property during the pendency of this cause.

(a) There is no adequate remedy at law that will give Plaintiffs complete and final relief if the Temporary Restraining Order is not granted, and any transfer, alteration, or destruction of the property is allowed to occur.

(b) Plaintiffs are willing to post a reasonable temporary restraining order bond of One United States Dollar (Attached) and hereby request this Honorable Court to set such bond at a reasonable amount.

(c) Plaintiffs have met their burden by establishing each element that must be present before injunctive relief can be granted by this Court, and Plaintiffs therefore are entitled to the requested temporary restraining order.

(d) Plaintiff will continue to pay insurance and taxes directly during the pendency of this action. Plaintiff will pay $100 per month into an escrow account toward reinstatement of a valid mortgage to replace abandonment by M&T. Plaintiff will have no further dealings with Bayview.

37. Plaintiffs are likely to succeed on the merits of this lawsuit. All actions of defendants throughout their business structure have been concerted willful and direct violations of Federal Fair Debt Collection Practice as most recently interpreted and codified in Consent Judgment of 19 December 2013 in District Court District of Columbia Consumer Financial Protection Board and All States Attorney General, including Arizona vs OCWEN (Exhibit P-7).

## CONCLUSION

38. When the Court takes into account the Statutes and Case Law and applies them to the facts of this case and the documents relied on by the Plaintiffs', it is clear why it is necessary to restrain Defendants' continuing well organized predatory behavior in the State of Arizona. As a result of detailed information found during discovery, criminal actions are likely to be exposed and indictments will be sought for unrestrained and coordinated criminal conspiracy among the Defendants and their associates continuing today, and existent for past several years. Such behavior can only be addressed by the most forceful judicial action possible. A clear judicial response and directive will enable all enforcement resources of the community to be employed at all levels to eliminate this public hazard, achieve restitution to damaged parties of class, and arrest, sequester and rehabilitate the actors discovered.

## PRAYER FOR RELIEF

**WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS:**

39. That this Petition be filed and that a day be appointed for a hearing before jury on this matter;

40. That an order will be issued, restraining Defendants, or any of them, Defendants' officers, agents, servants, employees, and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying any subject property, reporting or listing the subject property for any other sale, or otherwise disturbing or attempting to disturb Plaintiffs' and other Members of Class' peaceable

possession and enjoyment of the subject property during the pendency of this cause; that an order be issued to seize all computers, hard drives, programs, statistical reports, daily activity logs of users, and any electronically stored information, written records and files at Bayview, llc or their computer resource provider, to be forensically examined by a neutral and qualified Certified Fraud Examiner; that subpoenas be issued to elicit deposition testimony from Defendants and all John Does as identified during the discovery process; that an order be issued to seize all computers, hard drives, programs, statistical reports, daily activity logs of users, and any electronically stored information, written records and files at Bayview or their computer resource provider, to be forensically examined by a neutral and qualified Certified Fraud Examiner; that subpoenas be issued to elicit deposition testimony from Defendants and all John Does as identified during the discovery process; that a neutral and qualified resource be empowered to locate and interview affected Members of Class as may be identified during discovery, or as may self-identify.

41. That the Court sets a reasonable bond of One Dollar (attached) for the temporary restraining order;

42. That, after trial on the merits, the Court permanently enjoin Defendants, or any of them, Defendants' officers, agents, servants, employees, successors and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the subject property of the subject property, reporting the subject property for any other sale, or otherwise disturbing or attempting to disturb any Plaintiffs' peaceable possession and enjoyment of the property;

43. Damages in an amount not to exceed the jurisdictional limits of this Court, as decided by jury;

44. Economic Damages of Restitution as demonstrated; [$24,453, as confirmed in jure]

45. Punitive Damages; [$10,000,000, or a sufficient amount to deplete all business assets of this fraudulently organized and corrupt business, as confirmed in jure]

46. Additional Treble Damages for all intentional and knowing violations; [$24,453, as confirmed in jure]; and Additional Double Damages for all intentional and knowing violations committed with the assistance of computer resources [$24,453, as confirmed in jure]

47. Exemplary Damages; [$1,000,000,000 or a sufficient amount to demonstrate and emphasize the cautionary message to associated financial community, as confirmed in jure]

48. Equitable Relief; [return of property seized in past fraudulent action, as confirmed in jure]

49. Costs of Court, and of bringing this action;

50. All other relief to which Plaintiffs' and Members of Class are entitled; [censure and disbarment of actors]

51. Plaintiffs' pray for general relief, and such other and further relief as this court deems just and proper.


Respectfully submitted

*Traci Lynn Brown*

By:

Traci L. Brown, Pro Se

417 E. Wickieup Lane

Phoenix, AZ 85024

**CERTIFICATE OF SERVICE**

I certify that on 12 May, 2017, this true and correct copy of Plaintiff's Amended

Petition for Wrongful Foreclosure was served on opposing counsel in accordance with the rules.

For Bayview Asset Management:
Chief Legal Counsel
Bayview Asset Management
4425 Ponce De Leon Blvd.
Coral Gables, FL 33146

For BAYVIEW, LLC:
Edward L. Schloss
Bayview Loan Servicing, llc
7637 Motor Ave. Ste 220
Los Angeles, CA 90034-4884

This is a civil action. Any discovery of specific criminal activity of Defendants will be referred to Grand Jury in Maricopa County, Arizona, USA, The United Sates Department of Justice, or the United States Security and Exchange Commission, as appropriate.

By: /s/Traci L. Brown, pro se

417 Wickieup, Phoenix, Arizona

Date: 12 May 2017