IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Traci L. Brown, | No. CV-17-01077-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| Bayview Loan Servicing, LLC, et al., | |
| Defendants. | |

On April 11, 2017, *pro se* Plaintiff Traci L. Brown filed suit against Defendant Bayview Loan Servicing, LLC. (Doc. 1.) Plaintiff's Complaint was dismissed without prejudice the following day for failure to: (1) satisfy federal pleading requirements, (2) identify any specific claim under either federal or state law against Defendant, or (3) explain how Defendant's alleged unlawful actions raise a plausible right to relief. (Doc. 6 at 3.) Plaintiff was granted permission to proceed in forma pauperis. (Doc. 6.) The Court did not, however, grant Plaintiff's "Notice and Petition for Accommodation of Disability." (Docs. 12-13.)

Plaintiff filed her Amended Complaint on May 9, 2017. (Doc. 9.) To the extent that the Court is able to decipher the Amended Complaint, Plaintiff's sole cause of action against Defendant Bayview Asset Management and Defendant Bayview, LLC[1] is for wrongful foreclosure of her home located at 417 East Wickieup Lane, Phoenix, Arizona.

---

[1] The Court acknowledges that Defendant Bayview Loan Servicing, LLC has been erroneously named as Bayview, LLC. (Doc. 19 at 1.)

(Doc. 9.) Defendants have moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 14.) Defendants' motion is ready for resolution.

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacificia Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Although a complaint "does not need detailed factual allegations," a plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*

In deciding a motion to dismiss the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, *id.*, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (internal citation omitted). A plaintiff need

not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

Here, Plaintiff's sole claim that Defendant wrongfully foreclosed her Phoenix home must be dismissed.[2] As many courts in the past have noted, wrongful foreclosure is not a recognized tort in Arizona. *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 784 (9th Cir. 2014) ("Arizona, though a nonjudicial foreclosure state, has not expressly recognized the tort of wrongful foreclosure."); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011) ("Arizona state courts have not yet recognized a wrongful foreclosure cause of action."); *Schrock v. Fed. Nat. Mortg. Ass'n*, No. CV-11-0567-PHX-JAT, 2011 WL 3348227 (D. Ariz. Aug. 3, 2011); *Herring v. Countrywide Home Loans, Inc.*, No. CV-06-2622-PHX-PGR, 2007 WL 2051394, at *5 (D. Ariz. July 13, 2007). Most recently, in *Zubia v. Shapiro*, the Arizona Supreme Court again declined to recognize the tort of wrongful foreclosure. 243 Ariz. 412, ¶ 29, 408 P.3d 1248, 1253 (Ariz. 2018) ("Although we do not preclude the possibility that Arizona may recognize a cause of action for wrongful foreclosure in the future, we do not do so here."). Because Plaintiff's sole claim against Defendants is predicated on a cause of action that is not recognized in Arizona, the Court will dismiss Plaintiff's Amended Complaint.[3]

---

[2] Although the sole cause of action is for wrongful foreclosure, Plaintiff's Amended Complaint makes passing references to the following: the Federal Institutions Reform, Recovery, and Enforcement Act; the Fair Debt Collection Practices Act; "Arizona Finance Code sections 392.301(8) and 392.304 and other various State Laws in Ch. 27 – Fraud"; and the Americans with Disabilities Act. (Doc. 9 at 4-5.) Pro se complaints are to be construed liberally. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). Even so, Plaintiff was informed of the federal pleading requirements in the Court's previous order (Doc. 6 at 2-4) and has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007). Accordingly, such claims are dismissed with prejudice. *Cortes v. City of Phx.*, No. CV-13-01403-PHX-DGC, 2013 WL 5913803, at *1 (D. Ariz. Nov. 4, 2013) ("Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery.").

[3] Dismissal is further appropriate because there is nothing in the record before the Court indicating that Plaintiff's home has been foreclosed on. Even if wrongful foreclosure were a recognized cause of action in Arizona, the Court agrees with Defendant's conclusion that "because the foreclosure has not yet occurred . . . the claim is not ripe." (Doc. 14 at 3.)

Rule 15 of the Federal Rules of Civil Procedures provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (internal citation omitted).

Here, in response to Defendants' motion to dismiss, Plaintiff does not attempt to refute any of Defendants' arguments nor address the underlying merit of the suit. (Doc. 17.) Moreover, Plaintiff responded to Defendants' supplemental authority (Doc. 19) as follows:

> 1. Plaintiff takes note of the statement that there is no wrongful foreclosure in Arizona and plaintiff is absolutely unconcerned over the proper terminology for people from Coral Gables stealing a house in Phoenix. Let's call it consumer fraud. Let's call it 'unlawful taking.' On appeal I think I'll call it 'Violation of the Fourteenth Amendment of the Constitution of the United States. Plaintiff will no longer refer to wrongful foreclosure.

(Doc. 20 at 2.) Plaintiff thereafter provides a description of the events leading to passage of the Fourteenth Amendment, and "drop[s] out of [Plaintiff's] voice for just a minute" to discuss legal procedure as one of Plaintiff's "litigation assistants." (Doc. 20 at 4.) Given Plaintiff's prior unsuccessful attempt to amend her complaint (Doc. 9) and the fact that wrongful foreclosure is not a recognized cause of action in Arizona, the Court finds that further opportunities to amend would be futile and will dismiss the action without leave to amend. Accordingly,

**IT IS ORDERED:**

1. That Defendants' Motion to Dismiss (Doc. 14) is **granted**;
2. That this action is **dismissed with prejudice** in its entirety; and

///

///

4

3. That the Clerk of Court shall **terminate** this action and enter judgment accordingly.

Dated this 8th day of March, 2018.

                                        Honorable Steven P. Logan
                                        United States District Judge